UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    For Online Publication Only
---------------------------------------------------------------X
UNITED STATES,

           Plaintiff,

  -against-                                                                    **MEMORANDUM & ORDER**
                                                   15–CR–131 (JMA)(SIL)

ANDRE CHANDLER,
     also known as "Mac Dre",

           Defendant.
---------------------------------------------------------------X

FILED
CLERK
8/1/2016 3:09 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Before the Court is defendant Andre Chandler's objections to Magistrate Judge Steven I. Locke's June 16, 2016 Report and Recommendation, which recommended denying his motion to suppress post-arrest evidence, identification, and statements. For the reasons set forth below, the Report and Recommendation is adopted and the motion to suppress is denied.

## I.    Background

    Defendant Andre Chandler is charged with (i) one count of conspiracy to distribute cocaine base and heroin in violation of 21 U.S.C. § 841(a)(1); (ii) one count of discharge of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); (iii) three counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (iv) two counts of possession with intent to distribute cocaine base, heroin, oxycodone, and hydrocodone in violation of 21 U.S.C. § 841(a)(1). (See ECF No. 14.) Chandler seeks to suppress (1) physical evidence that was obtained pursuant to a search of his house; (2) two out-of-court identifications; and (3) a statement that he made while in police custody. (See ECF No. 31, 45.) The motion to suppress was referred to Magistrate Judge Steven I. Locke for a report and recommendation. (ECF

1

No. 45.) On March 28, 2016, March 29, 2016, and May 5, 2016, Judge Locke held evidentiary hearings (the "Suppression Hearings"). (ECF No. 35, 38, 42.) Presently before the Court is a Report and Recommendation (the "Report," ECF No. 46) by Judge Locke recommending defendant's motion to suppress be denied in its entirety and defendant's objections to the Report (the "Objections," ECF No. 46). Familiarity with the facts is assumed.

## II. Discussion

A district court judge may refer certain matters, including suppression of evidence, identifications, or statements, to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1). If objections are timely filed within 14 days of service of the magistrate's report, the district court must consider them de novo. Id.; see United States v. Padilla, 06–CR–824, 2007 WL 1958894, at *1 (E.D.N.Y. June 29, 2007). De novo review does not require the district court to "rehear the contested testimony" or "conduct a new hearing on contested issues." United States v. Raddatz, 447 U.S. 667, 674–75 (1980). Rather, the district court is permitted "whatever reliance a district judge, in the exercise of sound judicial discretion, chose[s] to place on the magistrate's proposed findings and recommendations." Id. at 676. "Normally, the judge, on application, will consider the record which has been developed before the magistrate and make [her] own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." Id. at 675. In making its final determination, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)). The Court is not required to review under a de novo standard the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed, and those portions will be reviewed for clear error. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Defendant objects to Judge Locke's recommendations that suppression be denied as to (1) physical evidence recovered from the Anderson Road residence; (2) two out-of-court photo array identifications; and (3) the custodial statement regarding Chandler's cell phone. The Court addresses each objection in turn.

### A. Evidence Recovered from the Anderson Road Residence

Judge Locke recommended denying suppression of physical evidence recovered from the Anderson Road residence based on the court's finding that there was reasonable suspicion to justify the search. In his Objections, Chandler argues that "much of the purported information possessed by [the Officer who conducted the search] cited by the Court, in fact, provided no suspicion to support a search of the Anderson Road premises." Objections at 2.

Upon careful review of the record, the Court finds no reason to question Judge Locke's determination of the credibility of Officer Stickley's testimony or the findings based thereon. With respect to Chandler's criminal history, Judge Locke noted that defendant's criminal history was merely one of the many factors that supported reasonable suspicion. Report at 14. The Court agrees with Judge Locke that the information obtained by Officer Stickley combined with Chandler's criminal history "gave rise to reasonable suspicion that 'criminal activity may be afoot' sufficient to justify the Anderson House Search." Report at 14.

### B. Out of Court Identifications

Judge Locke recommended denying suppression of two out-of-court photo array identifications. In his Objections, Chandler argues that "the Court failed to address the core impediment to using a five-year-old photo" in the photo array because "the photo [used in the array] bore little similarity to Chandler's appearance at the time of the crime, resulting in the likelihood [that] undue suggestion prompted the identifications." Objections at 3.

3

In the Report, Judge Locke determined that "[t]he other five individuals [in the array] did not appear significantly different than Defendant such that his photograph stood out. Rather, both photo arrays depict six evenly sized pictures of African American men who appear similar in age." Report at 17. Moreover, Judge Locke determined that "both Witness One and Witness Two personally knew Chandler, further supporting that the photo arrays were not suggestive." Report at 18. Upon review of the record, the Court does not believe that Judge Locke failed to address the impediments of using a five-year-old photo array and agrees with Judge Locke's determination that the photo array should not be suppressed.

C. **Custodial Statements**

Judge Locke recommended denying suppression of Chandler's custodial statement concerning a cell phone found in the car. In the Report, Judge Locke determined that Officer Pelan's question to Chandler of "do you want to use your cell phone?" was not equivalent to an interrogation, but instead was a response to Chandler's request to make a phone call. In his Objections, Chandler argues that the Report failed to address Officer Pelan's hearing testimony that when Officer Pelan asked Chandler about using his cell phone, he had no evidence that the cell phone belonged to Chandler. Objections at 3–4.

Upon careful review of the record, the Court finds no reason to question Judge Locke's determination of the credibility of the Officer Pelan. Judge Locke credited Officer Pelan's testimony that he assumed the phone belonged to Chandler, which prompted him to ask Chandler whether he wanted to use his phone to make a call. The Court agrees with Judge Locke's determination that "Officer Pelan's question was not equivalent to an interrogation, but rather a response to Chandler's initial inquiry" and therefore it was "a reasonable justification for the question." Report at 19.

### III. Conclusion

The Court finds that the evidence and testimony presented at the Suppression Hearings was more than sufficient to meet the Government's burden.  For the reasons set forth above, upon a <u>de novo</u> review of the recommendations, the Court adopts and affirms Judge Locke's Report in its entirety and denies defendant's suppression motion.

**SO ORDERED.**

Date: August 1, 2016
Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge
